WRIGHT, J.
To the three first causes assigned for error, it is sufficient to apply the maxim, de minimis lex non curat.
The fourth and fifth causes I will consider together. There was a default regularly taken for the non appearance of the defendant at the third term, and the defendant, who now complains, had omitted to plead or tender an issue. In cases of default, the court is by law expressly required to assess the damages, unless either party shall require a jury: (29 O. L. 73). In this case neither party-did require a jury, and the court was in the performance of its legal functions in assessing the damages. That the record does not show what particular facts were tried, is no objection. The facts very seldom form a part of the record. Upon non assumpsit, for instance, the apparent issue contests the promise, yet under it, payment, accord, a release, &c., may in fact be proven — and when they are proven, they form no part of the record.
6. From the record it appears that “if was shown and proven that the plaintiffs have sustained damages in the premises in the sum of $120.” This seems to lay a foundation for a judgment; if the objection be the omission to say it was shown “ to the court,” it is answered by the inquiry, to whom else could a fact in court be shown, so as to place it on the record? Admit the entries untechnieal, yet they are substantially good.
The judgment is affirmed, with costs.